Good morning, everyone. On behalf of the court and my colleagues, Judge Brennan and Judge Scudder, I'd like to first extend the court's thanks to the University of Wisconsin Law School for hosting our argument session this morning. We're very glad to be here. There are a few ground rules. I know you've been briefed on those ground rules, no photography, no recording. We are recording the arguments for the court's purposes, and we will make one exception to the no photography policy to permit our circuit executive to take a photograph of the bench for posterity and for your archives here at the law school. All right, with that out of the way, we can begin with our argument session this morning. Our first case for argument is Lamar Robinson v. Grace Knutson. Ms. Nicholas. Good morning. May it please the court. Words have meanings. When the state brands an individual as a sex offender, that conveys to members of the public that that person has committed and been convicted of an offense involving sexual misconduct. Neither Lamar Robinson nor Martel Rogers has ever been charged with, let alone convicted, of an offense that involved sexual misconduct. Nonetheless, the state of Wisconsin has branded them both as sex offenders, and for the rest of their lives, they will be subject to the conditions that the state applies to people who have been convicted of sexual offenses, including a requirement to register, community notification when they change their addresses, and lifetime GPS monitoring. In dismissing the plaintiff's complaint, the district court found that it raises neither procedural nor substantive due process problems to label an individual as a sex offender who has never been convicted of an offense that required proof of sexual misconduct. That was an error. Turning first to the procedural due process claim, the district court found that the plaintiff's complaint was foreclosed by the United States Supreme Court's decision in Connecticut Department of Public Safety v. Doe. As we've pointed out in our briefing, Connecticut Department of Public Safety v. Doe is inapposite to this case for the simple reason that in Connecticut v. Doe, the plaintiffs, the people who were challenging the constitutionality of the registry, had indisputably been convicted of offenses that required the state to prove beyond a reasonable doubt that they had committed sexual misconduct. Here, in contrast, the plaintiffs have never had a procedurally protected opportunity to contest that they are sexual offenders as any normal person. That's not what the statute prescribes for the registration requirement. There's no requirement of a sexually based offense in the case of your client's convictions for false imprisonment of a minor. Correct. Under Wisconsin law, certain offenses that involve no sexual conduct or no sexual motive at all are defined as sexual offenses. And really the question here is whether it is enough to just call something a sex offense. Calling something a sex offense does not make it so. And the plaintiffs have never had- That's an argument about the content of state law, not the absence of process. So, okay. So the department's response to our point that you can't just define anything as a sex offense, right? This would enable the state to define DUI or speeding in a school zone as a sexual offense. But again, that's an argument about the content of state law. It's a substantive argument. It's not an argument about the lack of process. Yes. So the state says, okay, well, we couldn't do that because substantive due process would provide some kind of backstop against that. But I think that really dovetails with the substantive question here because the state's argument is that, well, we can call anything a sex offense that endangers children or if it may- Okay. Perhaps I can ask the question in a different way to focus on the procedural due process argument that you're making. What would you want a hearing? What would the purpose of a hearing be? What would the question at the hearing that you say you didn't get or your clients didn't get before being labeled a sex offender who must register? To establish that the individual had a sexual motive for the offense? But that's not what the law provides. It's a categorical inclusion in the registration requirement. So your argument really relates to the substance of the law. There's no process violation here. So they are subject to the registration requirement by virtue of their conviction for false imprisonment of a child. So to demand a hearing to prove something that the law does not require is really a pointless exercise. Your argument is all about substance. It's an exceptionally broad reading of Connecticut versus Doe that the state is engaging in here. What language do you have in mind in that opinion? I got it right in front of me. Pardon? What language from Connecticut Department of Public Safety do you have in mind? Because I don't see anything turning on the point you're making in the court's opinion. Well, it didn't come up there because it was not disputed that the individuals had engaged in crimes involving a sexual component. But you would think if the procedural due process would kind of hung from, was dependent upon, conditioned upon at the substantive point that you're making, there'd be some indication of that in the court's opinion. Well, in the court's opinion, they actually say there is, they're saying that the procedural claim was foreclosed there because the individuals had already had a procedurally protected opportunity to contest whether they had committed the offense. And they had the full panoply of procedural protections in the criminal case, and that was enough to satisfy procedures. Isn't that Chief Judge Sykes' point? Yeah. So the Supreme Court did leave open this substantive claim, and I think we should turn to that because the state's argument here is that if an offense endangers children or if it might assist law enforcement to have individuals convicted of certain offenses on a sex offender registry, then it is consistent with substantive due process to label those individuals as sex offenders and require them to register. So I think the state's argument should be taken seriously where they say there is some backstop in substantive due process against just willy-nilly labeling offenses as sex offenses requiring registration. So really the question of this case is where is that line? Because there is one. It cannot just be that this is a dangerous crime or one where law enforcement may be assisted by having people on a registry. Isn't that line drawn by the legislature and the law? I think that the federal constitution and the due process clause is a backstop against these legislative overreaches. As we know, legislation like the Adam Walsh Act and the Jacob Wetterling Act are enacted in the wake of crimes that rightly arouse a lot of fear and passion and a desire for a strong response. So sometimes legislatures overreach when confronted with these kinds of very terrifying crimes that, of course, arouse strong passion. So that's why we have to have the courts look more closely at the fit between what the government is doing. It's not a question of fit under rational basis review. That's only a heightened scrutiny question. So I think there are real questions about whether some level of heightened scrutiny ought to apply here because what is happening is not just registration, but a whole host of changes to a person's life, including a requirement being monitored by GPS for the rest of their life. That's something new and that's introduced at the appellate level. So we're not going to address that. Okay. Well, it's just they're on the registry. That's what this litigation is confined to. And so we're in rational basis review and not heightened scrutiny. So it's not a question of fit or over-inclusiveness or under-inclusiveness. It's just a rational basis for the law. So perhaps you could address what that issue actually is in the case. That's the substantive point. Under substantive due process, the state has labeled certain offenses as sexual offenses requiring registration that don't involve any sexual conduct or sexual motive. The question is why do we have sex offender registries? The state says for general public safety purposes, for general assisting law enforcement. That is too broad a formulation of why we have sex offender registries. Actually, Congress made some very specific findings in adopting the Jacob Wetterling Act and then later the Adam Walsh Act about the connection between false imprisonment, child abduction, and child molestation and sex offenses against minors. And Congress in those laws mandated that states receiving federal funding bring their own laws into conformity with that national scheme. And so the congressional findings are highly relevant here to the rational basis for the law. I think there are two issues with this statistical correlation as it was cited by Congress and adopted by the state in their argument here. The first one is that there are a lot of things that are statistically correlated with sexual offending, including being homeless, unemployed, or for that matter, a male under the age of 40. So the argument is an extremely broad one for what can be put on the registry if it just has some correlation or statistical correlation with sexual offending. But more importantly, there is a logical fallacy at play here. And this was discussed very clearly by the High Court of New York in the People v. Brown case, which we cited in our brief, which is they looked more closely at those studies. And they said, really, it was an error to rely on them for the basis for putting these offenses on a sex offender registry. Because those studies were of abductions that offending. Here, there is no question whatsoever that there was no sexual motive or sexual conduct involved in the burglaries that our clients committed. On the rational basis point, it's difficult for me to see how the Wisconsin Supreme Court's decision in Smith from 2010 doesn't just foreclose the position. Not as a matter of issue preclusion or something like that. But it's the state's highest court explaining what, in its view, is the rational basis for the registration requirement. Don't we have to pay attention to that? Well, this court, of course, has jurisdiction to decide the federal constitutional question of whether this is consistent with due process. Right. But the Wisconsin Supreme Court has purpose of state law. And they're the final say on state law. We call this a sex offender registry. And the question that was at issue in Smith and what the justices of the Wisconsin Supreme Court were disagreeing about is what is the purpose of a sex offender registry? Is it generally assisting law enforcement and promoting public safety, or is it to notify the public of sexual offenders? And I think where the Wisconsin Supreme Court went wrong in Smith is giving it this extremely broad formulation that if the law might assist law enforcement in some way, or if the offense poses a danger to children, then therefore it is rational to put those individuals on a sex offender registry. Ms. Nichols, do we know at the time that both of the plaintiffs here were sentenced felony convictions? There would have been a pre-sentence investigation report. Part of that PSR would have included the idea that they're going to be placed on the sex offender registry. Do we know whether there's anything in the sentencing hearing or at the trial court level that there was an objection to being placed on the offender registry as a result of this crime not having a sexual component? I don't know. I don't know what happened in the trial courts when they were convicted and sentenced, but there was really no need and no part of the proceedings in which the state ever alleged or had, let alone had to prove that there was any sexual conduct or sexual motive to these crimes. So unless the court has other questions right now, I'll reserve the remainder of my time. Thank you. Ms. Schmelzer. Good morning, and may it please the court. I'm Jody Schmelzer, an assistant attorney general for the state of Wisconsin Department of Justice, and I represent the defendant appellee in this case, Grace Knutson, who is the director of sex offender programs for the Wisconsin Department of Corrections. In my argument, I'm going to first address how the district court correctly dismissed the plaintiff's  of the crimes of false imprisonment of a minor and child abduction as qualifying sex offenses survives rational basis scrutiny. Then I'll address that the district court correctly dismissed the plaintiff's procedural due process claim based on the Supreme Court's decision in Connecticut Department of Public Service v. Doe. The Wisconsin legislature acted rationally when it included the crimes of false imprisonment of a minor and child abduction as qualifying sex offenses for its sex offender registry. We know, and as the panel has already acknowledged, that there's an extensive congressional history for the federal acts that do the same thing, as well as the state Supreme Court's decision in State v. Smith that establish and acknowledge this nexus between including crimes like false imprisonment of a minor and child abduction in a sex offender registry. We know from the congressional record that there are over 114,000 non-family attempted child abductions a year, and 4,600 children like Jacob Weddingling disappear each year. We also know the the nexus with sexual harm to children is that two-thirds of non-family child abductions reported to police every year do involve some form of sexual assault. Ms. Schmelzer, how does the state know that someone has not been improperly placed on the register? When does that issue get joined? How does it get joined? What happens is when, and I'm not sure that this is in my brief, but there's a review of anyone who has some type of sexual offense, as is defined by this Wisconsin law, prior to or when they enter the DOC system, and there is basically like a review of that, and if it qualifies under the definition of sex offense, which is this law that plaintiffs are challenging, they are included in the registry at that time. Does the offender have any recourse? Is that within the administrative DOC, or is that done by the trial court, sentencing court? They, and I think this gets into the procedural due process claim, Your Honor. It's a categorical inclusion for purposes of the sex offender registry. If they are convicted of enumerated offenses that are defined as sex offenses, including false imprisonment of a minor child abduction, then they are going to have to register. The length of that registration depends on the nature of the offense and the number of those offenses, but they will have to register with the Wisconsin sex offender registry program. And it is because of that categorical approach that there's no procedural due process claim here, that the district court properly dismissed that claim. Because what the Supreme Court tells us in the Connecticut VDOE case is that there's no other hearing that can take place that would change their qualification or their requirement to register. It's statutory and any further facts that could be generated, even whether it was motivated by a sexual intent, is not going to be relevant for purposes of their placement on the registry if they were convicted of false imprisonment of a minor or child abduction. So it would be, in the words of the Supreme Court, a bootless exercise. This court has repeatedly applied the Connecticut case to these kinds of challenges to inclusion on a sex offender registry in both the Murphy-Bierutkowski case and more recently the Kitterman case. It also applied it to a sex offender's challenge to residency requirements or restrictions for sex offenders in Illinois in the Vasquez v. Fox case. And there have been other circuits that have recognized that procedural due process challenges to sex offender registry requirements that mandate registration based on the conviction alone, those challenges are foreclosed by the Connecticut case. That was the Sixth Circuit in Dovey, Michigan Department of State Police. The substantive due process challenge might shake a little bit differently with the GPS monitoring requirement that was just adopted by the state legislature. I know that's not in the case because it's brand new and there might be some justiciability questions with respect to two plaintiffs, but that's a different level of burden on offenders in this particular category, offenders who were convicted of non-sex-related child abduction or false imprisonment of a minor. And I think I addressed that in my Rule 26 J letter response, but I really disagree that there would affect in any way the substantive due process claim here or the level of scrutiny that's applicable. The Supreme Court has firmly established that when a constitutional claim is covered by a more specific constitutional provision, you analyze that claim under that level of scrutiny that's applicable to that claim here, a Fourth Amendment claim. And the Supreme Court has said that GPS monitoring does implicate the Fourth Amendment. We don't believe that that heightens the scrutiny level for a substantive due process claim at all. You can't elevate a scrutiny level for substantive due process claims by asserting a new claim under the Fourth Amendment. It's basically an end around by attaching it to and creating some kind of hybrid substantive due process. I understood, but the reasonableness inquiry under the Fourth Amendment might shake out a little bit differently than rational basis review under a substantive due process claim, because rational basis review is such a low standard, not a high bar for the state to meet reasonableness review under Fourth Amendment is a little bit different. I would agree with that. And that issue is actually teed up in a class action lawsuit challenging the requirements of lifetime GPS monitoring under the Fourth Amendment. We'll see you about six months from now. That's correct. And the court has already seen that case at the preliminary injunction stage. So, yeah, we'll be back on that issue sometime later. But it's not proper to elevate the scrutiny level or to impact the substantive due process analysis at all in this case. And we do know, as I was noting before, that nexus between including these crimes on the sex offender registry and the purpose and the state interest here, which is to protect the public and assist law enforcement, but more specifically, children. We have that the great majority of cases where someone takes a child that doesn't belong to them is going to result in some kind of sexual violence being committed on that child. And as the court in State v. Smith recognized, requiring that proof of sexual motive for a child is going to create a second layer of proof before placing someone on a registry, which would thwart the purposes of the registry, which is to give law enforcement a very quick access to people who have taken children in the past. And that's an important interest. There just isn't proof sometimes of those motives. And the Congress recognizes very clearly in its congressional history for the federal acts where sexual assault is thwarted before a child is assaulted, or where a child is never found, or where a child can't communicate about the crime, or unfortunately, where a body is too decomposed to ever show any evidence of a sexual assault. So the Supreme Court in Wisconsin and Congress has recognized that those sorts of situations make it an administrative burden to try and require proof of sexual motive to include these crimes where there is a strong nexus that some sexual harm is going to come to a child if they're committed. I think my opponent's reference to a more narrowly tailored law is really outside of the requirements for rational basis review. And this court has held that rational basis review does tolerate over-inclusiveness, some over-inclusiveness. Again, we do have that nexus between these crimes and harm to children, violent harm to children, and sexual assault. But there certainly does not have to be a narrowly tailored or a better law out there. That's moving the level of scrutiny closer to the strict scrutiny analysis, which is not applicable here. I would also note that it is evident in Plaintiff's argument that, moving on to the procedural due process claim, that what the real crux of their complaint is, is the substantive law, that the stigma plus theory that they use to support their procedural due process claim really only addresses the first prong of a procedural due process analysis, which is creation of a protected right of some way. The court in Connecticut v. Doe assumed that for purposes of its analysis and then went on to say, as I noted before, that no additional process could reveal any facts relevant to whether or not those individuals would be placed on the given their conviction. I would also note that the Connecticut case is not as distinguishable as plaintiffs would like you to believe. That case involved a certified class of offenders that were deemed not dangerous sexual offenders. And Connecticut's registry law was similar to Wisconsin's, where it included the crimes of false imprisonment of a minor and child abduction without proof of sexual motive. Like 41 other states, they had a similar law to Wisconsin's. So it's certainly plausible and likely that there are individuals like the plaintiffs here that were included in that class and that were part of the Connecticut v. Doe case that were not deemed sexually dangerous and challenged that law. So it's not as that did involve sexual motive, that there were other members of that class that were similar to the plaintiffs here. Unless the court has any further questions, I will conclude by requesting that the district court decision dismissing this action be affirmed. Thank you. Thank you. Ms. Nicholas. Thank you. Congress did recognize a statistical correlation between abductions of children and sexual harm to children. And in a case where someone abducts a child and then sexually assaults them or attempts to sexually assault the child, there's, of course, that correlation there. And it's, of course, important to put that person on a sex offender registry or permissible, at least, to put a person on a sex offender registry. But it does not follow that someone who falsely imprisons a child for the purpose of committing a burglary, stealing electronics and money from a home where there is no sexual motive and no sexual conduct then should be presumed to present a ongoing heightened risk of sexual offending against a child that would justify placement of that person on a sex offender registry. Ms. Nicholas, playing your argument down the board, if there was a determination that, in fact, the crimes had no sexual component, what would happen next? Under what authority would the district court have to order that the person not registered? The federal district court could simply enjoin registration as to individuals such as Mr. Robinson and Mr. Rogers. Would that be limited just to these two plaintiffs? So I think that's a fair question. In this case, we have both a facial and as applied challenge. So we have a sexual conduct or sexual motive as sexual offenses, but it's also unconstitutional as applied to someone where there is no dispute that there was no sexual motive or sexual conduct as there was for these two individuals. One thing that I think is what would what would be doing the work in that in that portion of your argument, correct me if I'm wrong, in response to Judge Brennan, is you'd simply say it fails rational basis review. We reject the intention that strict scrutiny doesn't apply and say it's irrational, correct, and therefore violative of substantive due process. Correct. I think that something that counsel said regarding the stigma plus test, I think should be noted when we're looking at the substantive claim here, which is that it is undoubtedly stigmatizing to call someone a sex offender. This court has recognized that in the Indiana Department of Corrections case and any person knows this is one of the most stigmatizing labels that we can apply to a person. Now, of course, it's stigmatizing even if you have been convicted of a sexual offense to then be called a sexual offender. But if you have never committed a crime that involves sexual conduct in any way, it is stigmatizing to call you a sex offender in a way it simply was not in Connecticut versus Doe or any of the other cases where these types of Thank you. Thank you very much. Our thanks to both counsel. The case has taken